UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEITH MYERS,

                Plaintiff,

v.                                    Case No. 23-cv-78-pp

NEIL THORESON, DENISE TUTTLE,
VINCE VARONE and BRIAN HAYES,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING COMPLAINT**

Keith Myers, who is incarcerated at Waupun Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his rights under federal law. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his trust account. Id.

1

On January 24, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $3.65. Dkt. No. 5. The court received that fee on February 22, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.    Screening the Complaint**

    A.    <u>Federal Screening Standard</u>

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v.</u>

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   The Plaintiff's Allegations

The plaintiff has sued Division of Community Corrections Regional Chief Neil Thoreson, Parole Agent Denise Tuttle, Administrative Law Judge Vince Varone and Division of Hearings and Appeals Administrator Brian Hayes. Dkt. No. 1 at 1, 2. He alleges that in October 2014, while he was in custody at the Milwaukee Secure Detention Facility on a parole hold violation for allegations of bank robbery, he was given the opportunity to challenge the allegations via a final revocation hearing. Id. at 3. The plaintiff allegedly appeared by counsel for final revocation hearings scheduled for January 6, February 5, March 19 and March 26, 2015. Id. at 4. The plaintiff states that sometime in March 2015, he

submitted a letter to Thoreson informing him that the plaintiff felt he no longer needed to be in custody because he was not guilty of bank robbery and because his agent's (Tuttle) witness twice failed to appear for the final revocation hearing. Id. On March 13, 2015, the plaintiff allegedly received a response from Assistant Regional Chief Mary Jane Anttila (not a defendant) stating that if the witness did not appear for the hearing scheduled for March 19, they would not request further adjournment. Id. at 4-5.

At the March 19, 2015 hearing, Tuttle's witness allegedly failed to show for the third time and, despite Anttila's letter stating that they would not request further adjournment, Tuttle requested that Administrative Law Judge Varone continue the hearing and Varone granted the request. Id. at 5. The plaintiff states that his final revocation hearing ended on March 26, 2015, and on April 22, 2015, he received notice from Hayes that his extended supervision was revoked. Id. The plaintiff believes that under "DOC 331.08 Termination of revocation proceedings," when the witness did not appear on March 19, 2015, his extended supervision should have been terminated. Id. at 8.

The plaintiff says that his counsel appealed the revocation of his extended supervision in the circuit court and on May 16, 2015, Judge Rebecca Dallet issued a decision and order to set aside the revocation and remanded the case for further proceedings. Id. at 5. Fourteen months later, Judge Varone allegedly issued a revised decision to revoke the plaintiff's extended supervision. Id. The plaintiff says that on September 8, 2016, his counsel filed a second writ of *certiorari* and the next month, the circuit court affirmed

Varone's revised decision. Id. at 5-6. The plaintiff alleges that he filed a *pro se* notice of appeal and on February 12, 2019, the court of appeals affirmed the circuit court decision. Id. The plaintiff allegedly filed a *pro se* petition for review to the Wisconsin Supreme Court, which denied the petition. Id. He alleges that he filed in the circuit court a *pro se* motion for postconviction relief under Wis. Stat. §974.06 and on September 6, 2022, the circuit court denied his motion. Id. The plaintiff claims that the defendants violated his rights under federal law. Id. at 7. He seeks compensatory and punitive damages, and declaratory relief. Id.

    C.    <u>Analysis</u>

Judge Varone has absolute judicial immunity for his judicial actions, unless he acted in the absence of all jurisdiction, which the plaintiff has not alleged allege. See Polzin v. Gage, 636 F.3d 834, 836 (7th Cir. 2011).

As to the other defendants, the plaintiff has not identified the federal law he believes the defendants violated, but it appears he is arguing that his revocation hearing and the revocation of his extended supervision were unconstitutional (were illegal). The question this court must ask is whether, if it rules in the plaintiff's favor, that ruling "would necessarily imply the invalidity of his conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 487 (1994). If so, this court must dismiss his §1983 complaint. That is because §1983 is a statute that allows people to sue for certain, specific kinds of "torts"—personal injuries. Id. at 483 (citations omitted). The Supreme Court

5

has held that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments . . .." Id. at 485.

If this court rules in the plaintiff's favor—if it finds that his revocation hearing and the revocation of his extended supervision were unlawful—that finding necessarily would imply that his revocation and the sentence he received were invalid. The court must dismiss the complaint because the lawsuit is barred under Heck v. Humphrey.

If the plaintiff wants to challenge the validity, or legality, of his incarceration, the proper way for him to do so is by filing a petition for a writ of *habeas corpus* under 28 U.S.C. §2254. Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). If the plaintiff decides to file a federal *habeas* petition, he will have to demonstrate that before he filed the federal petition, he "exhausted" his state-court remedies, and he must make sure that he timely files his petition under 28 U.S.C. §2244(d).

The court will dismiss this case without prejudice and, along with this order, will mail the plaintiff a guide for people who represent themselves, called "Habeas Corpus: Answers to State Petitioners' Common Questions."

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

6

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$346.35** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Waupun Correctional Institution.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ

P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 28th day of March, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**